IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNDRA LEON MONROE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0823-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Undra Leon Monroe, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and dismissed in part as procedurally barred.

I.

In 2002, petitioner pled guilty to aggravated robbery with a deadly weapon. The trial court deferred an adjudication of guilt and placed petitioner on probation for a term of four years. No appeal was taken at that time. In August 2006, just one month before petitioner's probation was set to expire, the trial court extended his probation for another year. After petitioner was charged with a probation violation, the court modified the conditions of probation to include 30 days in jail and participation in a RTC program at the Salvation Army. Upon his release from jail, petitioner was charged with another probation violation. In June 2007, the court revoked his probation, found petitioner guilty of the underlying aggravated robbery offense, and sentenced him to five years confinement. Petitioner did not appeal his conviction or probation revocation. Instead, he filed an

application for state post-conviction relief. The application was denied without written order. *Ex parte Monroe*, WR-69,646-01 (Tex. Crim. App. Apr. 16, 2008). Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that: (1) his original four-year term of probation was illegal; and (2) the court improperly extended his probation after it had expired.

A.

Respondent contends that petitioner's claim challenging his original four-year term of probation is barred by limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

Petitioner pled guilty to aggravated robbery with a deadly weapon and was placed on deferred adjudication probation for four years. The deferred adjudication order was entered on September 24, 2002, and no appeal was taken. Therefore, the order became final for limitations purposes 30 days thereafter on October 24, 2002. TEX. R. APP. P. 26.2(a)(1) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). Petitioner filed an application for state post-conviction relief on January 11, 2008. The application was denied on April 16, 2008. Petitioner filed this action in federal court on April 28, 2008.

The AEDPA statute of limitations on petitioner's claim challenging his original four-year term of probation started to run on October 24, 2002. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *five years* to seek post-conviction relief in state or federal court. No explanation has been offered to justify that delay. The court therefore determines that this claim is barred by limitations.

B.

Respondent argues that petitioner's claim challenging the extension of his probation is procedurally barred from federal habeas review because it was not presented to the Texas Court of Criminal Appeals and any attempt to do so at this juncture would be futile. A prisoner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This

entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive habeas petition if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735

n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Petitioner concedes that his original state writ did not include a claim challenging the extension of his probation. (*See* Pet. Mot., 12/3/08 at 1).[1] Instead, petitioner attempted to present this claim directly to the Texas Court of Criminal Appeals in two miscellaneous filings *after* the trial court entered findings of fact and conclusions of law on his state writ. *See Ex parte Monroe*, WR-69,646-01, Supp. Tr., 4/3/08 & 4/25/08. The Texas Court of Criminal Appeals has observed that "it is generally fruitless, if not counterproductive, to file original [ ] materials relating to a habeas claim with this Court rather than the trial court." *Ex parte Simpson*, 136 S.W.3d 660, 669 (Tex. Crim. App. 2004). Even had petitioner filed these miscellaneous pleadings in the trial court instead of the Texas Court of Criminal Appeals, the claim still would be barred from federal habeas review because petitioner did not raise the claim until after the trial court entered findings of fact and conclusions of law. *See Campbell v. Dretke*, No. H-04-3036, 2005 WL 2372047 at *6 (S.D. Tex. Sept. 27, 2005), *citing Wheat v. Johnson*, 238 F.3d 357, 360-61 (5th Cir.), *cert. denied*, 121 S.Ct. 2226 (2001) (failure to present claim to state habeas court in a timely manner bars those claims from federal habeas review).

In an attempt to excuse this procedural default, petitioner argues that he was unaware the trial court had illegally extended his probation until the state filed an answer to his state writ of habeas

---

[1] Petitioner has filed a motion to hold his federal writ in abeyance so he can exhaust his state remedies. The Supreme Court has held that a stay and abeyance should be available only in "limited circumstances," and only when the petitioner demonstrates "good cause" for failing to exhaust his claims in state court. *See Rhines*, 125 S.Ct. at 1535. As discussed herein, no such showing has been made here.

corpus in January 2008. (*See* Pet. Mot., 12/3/08 at 2). The court rejects this explanation. On September 24, 2002, petitioner was placed on deferred adjudication probation for a term of four years. *Ex parte Monroe*, WR-69,646-01, Tr. at 22. The period of supervision was set to expire on September 24, 2006. *Id.* On August 28, 2006, petitioner's probation was extended until September 24, 2007. *Id.*, Tr. at 38. On June 13, 2007, the state filed a motion to revoke petitioner's probation. One of the grounds alleged by the state in its motion was that petitioner failed to report to his probation officer in April 2007 and May 2007--six months *after* his original term of probation had expired. *Id.*, Tr. at 31-32. Petitioner acknowledged receipt of the state's motion the day it was filed. *Id.*, Tr. at 31. Therefore, at the very latest, petitioner knew by June 13, 2007, that his probation had been extended. That was more than *seven months* before petitioner filed his state writ.

The court finds that a Texas court, presented with this claim in a successive habeas petition, would likely find it barred under article 11.07, § 4. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998). Consequently, the claim is barred from federal habeas review.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 18, 2008.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE